**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZOGENIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br><br> Defendant. | Case No.: 20-CV-6578-YGR <br><br> ORDER ADDRESSING SCHEDULING ORDER AND MOTION SEEKING RELIEF FROM DISCOVERY ORDER OF MAGISTRATE JUDGE <br><br> Dkt. Nos. 72, 73, and 76 |

On September 22, 2021, the Court and counsel for the parties discussed both plaintiff's request to bring a summary judgment motion and related issues regarding plaintiff's Motion for Relief from Non-Dispositive Pretrial Order (Dkt. Nos. 72, 73) and defendant's Motion to Extend Pre-Trial Deadlines and Trial Schedule (Dkt. No. 76).

Subsequent to the conference, the Court conducted further analysis in light of the parties' stated positions and finds the following course to be the most efficient, prudent, and productive:

**1. Motion for Summary Judgment**

Plaintiff's request to bring a motion for summary judgment is granted on the sole issue of the duty to defend (Counts 1, 2, and 3). A subsequent motion may not be filed. Defendant may bring a cross motion on the same issue without prejudice to filing a subsequent issue later. This course is appropriate as defendant concedes that the entire action is mooted if summary judgment is granted it its favor.

Plaintiff shall file its motion no later than October 4, 2021. The parties shall meet and confer and file **one joint set of operative insurance policies** and other undisputed documents for the Court to consider. Defendant shall file a joint opposition to plaintiff's motion and its own cross

1  motion for summary judgment by October 18, 2021. Plaintiff shall file a joint reply in support of
2  its own motion for summary judgment and opposition to defendant's motion for summary
3  judgment by November 1, 2021. Defendant shall file a reply in support of its motion for summary
4  judgment by November 8, 2021. The motion shall be set on calendar for November 30, 2021 at
5  2:00 p.m.[1]

### 2. Pending Motions

The Court hereby vacates the scheduling order and, to that extent, defendant's motion to alter the current schedule is partially granted. The Court recognizes that 30 days of discovery remained on the existing schedule and will consider the same when a new scheduling order is issued.

Similarly, compliance with Magistrate Judge Illman's order is temporarily stayed until resolution of the summary judgment motions and upon further order of this Court.[2] As noted, a ruling in favor of defendant will dispose of the entire action. Additionally, upon further reflection and consideration, the Court finds that the issues raised warrant more than expedited and abbreviated briefing. If necessary, the Court will issue a briefing schedule but at this juncture denies the motion without prejudice to refiling.

The Court notes that plaintiff indicated that it would not challenge the entire order and therefore the Court understands the scope of the motion will change. To the extent motion practice on the discovery order proceeds, the Court will require full briefing on the following issues:

One, whether the rule articulated by *Montrose Chem. Corp.*, 6 Cal. 4th 287, 301 (1993) and its progeny, including *Riddell, Inc. v. Superior Court*, 14 Cal. App. 5th 755, 767 (2017), is procedural

---

[1] If additional time is required, the parties may JOINTLY propose one joint alternate schedule.

[2] Plaintiff also filed an administrative motion to seal in connection with its motion for relief from Judge Illman's discovery order. (Dkt. No. 72.) The material in question includes discussion by Zogenix of the prejudice that it could suffer if liability-related discovery is permitted to proceed. The Court finds the request is sufficiently justified under the applicable "good cause" standard. Accordingly, the Court Grants the motion to seal the designated portions of plaintiff's motion solely for purposes of resolving the instant motion. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

rather than substantive. The Court is concerned that such a distinction could have enormous implications for the narrow scope that cases such as these typically occupy. As Magistrate Judge Illman appeared to recognize: the "upshot of these legal principles [in ruling on certain discovery disputes] is that an insurer cannot, over the insured's objection, use a declaratory relief action as a forum to litigate factual issues affecting the insured's liability in the underlying action." *See also, Haskel, Inc. v. Superior Court*, 33 Cal. App. 4th 963, 976 (1995). To find the *opposite* proposition to longstanding authority based upon a procedural-substantive distinction, without reference to any authority, and despite the fact that these cases are routinely litigated in California and federal courts gives this Court pause.

Two, whether plaintiff's *choice* to allege a claim for the breach of the implied covenant of good faith and fair dealing, as opposed to resting solely on the claims based on breach of the duty to defend, negates any argument plaintiff has for the protections that would otherwise be available under the *Montrose* line of cases. Further, whether such a claim is duplicative or even necessary, and if so, what relief and elements are different such that plaintiff could prevail on that claim as opposed to the others. Apparently, plaintiff's assertion of this *independent* claim was central to Magistrate Judge Illman's order.

Third, whether this action should be stayed pending resolution of the underlying actions if a duty to defend is found.

This terminates Docket Nos. 72, 73, and 76.

**IT IS SO ORDERED**.

Date: September 23, 2021

                                                   **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT COURT JUDGE**